IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARQUILLE LIVINGSTON, | ) | C/A No. 4:07-2023-HFF-TER |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| EMANUEL MACK; AND | ) | |
| SOUTH CAROLINA DEP'T | ) | |
| OF CORRECTIONS | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## I.  PROCEDURAL FACTS

The plaintiff, a pro se prisoner, brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on July 13, 2007.[1]  On December 7, 2007, the defendants filed a motion for summary judgment.  (Document # 28.)  The undersigned issued an order filed December 10, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.  (Document # 30.)   Although the plaintiff's response to this summary judgment motion was due January 14, 2008, he did not file any response.  Instead, the plaintiff waited until January 16, 2008, to file for an extension of the discovery deadline.  On March 17, 2008, the undersigned denied the plaintiff's motion to extend discovery  and the plaintiff was given an additional twenty (20) days to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court Judge.

file a response to the defendants' summary judgment motion making his response due on or before April 2, 2008. The plaintiff was again informed that if he failed to file a response his case may be dismissed for failure to prosecute. The plaintiff has failed to file a response.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir.1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through the plaintiff's own neglect, and not that of an attorney, that no responses have been filed. The plaintiff has not responded to the defendants' motion for summary judgment or the Court's Orders requiring him to respond. Therefore, the undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore, RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**